W. S. SCAMEHORN, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket Nos. 48559–48567.   Promulgated November 28, 1932.

*W. R. Alban, Esq.*, and *J. R. Little, Esq.*, for the petitioners.
*J. G. Gibbs, Esq.*, for the respondent.

[1] Proceedings of the following petitioners are consolidated herewith: Flora B. King;
Alexander King; Frank McLister; Urban F. Wolpert; Walter A. Strayer; W. R. Alban;
R. B. Cohen; Jay S. Paisley.

OPINION.

LANSDON: Within the statutory period of limitations the respondent determined and assessed a tax against the company for the year 1925. A warrant of distraint was issued and it was found that the taxpayer was no longer in existence and had owned no assets after November 1, 1926. In these circumstances we are satisfied that the respondent properly decided that the tax could not be collected from the taxpayer, and that his subsequent procedure under section 280 of the Revenue Act of 1926 was in conformity with the law.

The record of these proceedings is needlessly confusing, but it is clear that the company sold certain of its assets for $100,000 and retained others which, at the time, were valued at $53,000, subject to a mortgage in the amount of $14,500. There is no question that the stock of the minority shareholders was liquidated at $125 per share. It is equally clear that, after the payments to such minority stockholders and the discharge of the debts of the company, there were

left in the possession of Cohen and Paisley about $22,500 in cash and title to the real property and accounts receivable that were not included in the sale. In a settlement between themselves Paisley acquired Cohen's interest in the real estate for $15,000, of which he has paid $7,500 in cash. It is obvious, therefore, that Cohen and Paisley each received assets of the corporation in liquidation of his stock in excess of the amount of the deficiency determined against the taxpayer. We think it follows that each is liable for the unpaid taxes of the company, in conformity with the rule established in *Grand Rapids National Bank*, 15 B. T. A. 1166, and a long line of decisions based thereon.

Each of the minority stockholders received $125 per share in the liquidation of his interest in the company, and to the extent of such receipts was a transferee of the assets of the taxpayer. Counsel for petitioners admitted at the hearing that Alban, Alexander King, Flora King and Scamehorn owned stock of the company at the date of liquidation in the respective amounts of 60, 20, 20, and 20 shares and that based on that ownership each received $125 per share in liquidation. Such stockholders, therefore, were transferees of the assets of the company in the respective amounts of $7,500, $1,200, $1,200 and $1,200, and, to the extent of the amounts received, each is liable, under section 280 of the Revenue Act of 1926, for the unpaid taxes of the company for the year 1925. *Grand Rapids National Bank, supra.*

The record contains no competent and persuasive evidence that petitioners McLister, Wolpert and Strayer were stockholders of the company at the date of the liquidation thereof. We hold, therefore, that their liability as transferees has not been established.

Petitioners adduced some fragmentary evidence for the purpose of overcoming the presumption that the respondent's determination of the deficiency against the company is correct. Most of such testimony was to the effect that the value of assets disposed of by sale exceeded the basis used by the respondent in his determination of profit derived therefrom. Even if the value alleged had been proved, it could not be material, since the basis for determining gain or loss on the sale of capital assets is the cost thereof and not their value at the time of the sale. On this issue the respondent is affirmed.

*Decisions will be entered for the respondent in the proceedings at Docket Nos. 48559, 48560, 48561, 48565, 48566 and 48567, and for the petitioners at Docket Nos. 48562, 48563 and 48564.*